UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**RANULFO BALBUENA MARTINEZ,**
an individual,

                                                      Hon.

               Plaintiff,

                                                      Case No.

vs.

**ASIAN BUFFET & GRILL INC.,**
a Michigan Corporation, and **JOHN
DOE I (aka Jimmy),** an individual, and
**JOHN DOE II,** an individual, and **JOHN
DOE III,** and individual,

               Defendants.
_____/

**AVANTI LAW GROUP, PLLC**
By: Robert Anthony Alvarez (P66954)
Victoria Smalley (P80179)
Attorneys for Plaintiff
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com
_____/

## PLAINTIFF'S ORIGINAL COMPLAINT

**There is a pending civil action in this Court arising out of the
transaction or occurrence alleged in the complaint. Case No. 1:17-cv-0137.**

1. This is a civil action brought by Plaintiff, Ranulfo Balbuena Martinez, to recover for Defendants' willful and knowing violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq. for Defendants' retaliation in response to Plaintiff filing a lawsuit

under this same act to pay Plaintiff the required overtime premium for all hours he worked in excess of forty hours per workweek.

2. Plaintiff seeks a declaration that his rights were violated, an award of unpaid wages, compensatory damages, punitive damages and an award of attorney's fees and costs to make them whole for the damages suffered.

## JURISDICTION & VENUE

3. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

4. Defendants' employees engage in interstate commerce; therefore, they are covered by the FLSA on an individual basis.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this complaint occurred in this District.

## PARTIES

6. Plaintiff is an individual resident of the County of Muskegon, state of Michigan.

7. Defendant Asian Buffet & Grill, Inc. (hereinafter referred to as "Asian Buffet") is a Michigan Corporation whose principal place of business is located in the city of Muskegon, county of Muskegon, Michigan.

8. Defendant Asian Buffet has been conducting business in the county of Muskegon since at least 2010.

9. Defendant Asian Buffet is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA.

10. Defendant John Doe I (aka Jimmy) is the manager of Defendant Asian Buffet.

11. Defendant John Doe II is one of the owners of Defendant Asian Buffet.

12. Defendant John Doe III is one of the owners of Defendant Asian Buffet.

## **GENERAL ALLEGATIONS**

13. Defendants offered employment to Plaintiff who accepted.

14. Plaintiff was hired to work in the kitchen doing food preparation, cooking, washing dishes and any other tasks as assigned by Defendants.

15. Plaintiff began working for Defendants over five years ago.

16. Plaintiff began working for Defendants in 2010.

17. Plaintiff was employed to perform general labor for the Defendants.

18. Plaintiff worked (71) seventy-one hours per work week during his employment.

19. When hired, Plaintiff was paid $700 to $800 bi-weekly.

20. Eventually Plaintiff was paid $1,150 bi-weekly.

21. Plaintiff was not paid an overtime rate of time and half of his regular rate for any hours worked in excess of (40) forty hours in a workweek during his employment.

22. Defendants John Doe I-III were responsible for the day to day operation of the business and was directly involved in the decisions regarding the work, scheduling and compensation of Plaintiff.

23. During the period of the parties' employment relationship, Defendants misclassified Plaintiff as an independent contractor and failed to pay overtime at a rate of one and one-half times his regular rate for hours worked in excess of forty (40) hours during a workweek.

24. Due to the failure to pay overtime, Plaintiff filed a Complaint alleging a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on February 10, 2017, case number 1:17-cv-0137.

## WILLFUL VIOLATION OF FLSA

25. Termination of Plaintiff's employment was an attempt by Defendants to subvert its obligations under state and federal wage law.

26. Defendants willfully terminated Plaintiff in retaliation of Plaintiff filing suit under the FLSA.

27. Defendants knew or should have known that terminating Plaintiff in retaliation was a section violation of the FLSA. 29 U.S.C.A. § 215(a)(3).

28. The FLSA, 29 U.S.C. § 216(a), provides that as a remedy for a violation of the retaliation provision of the FLSA, such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.

## DEFENDANTS' RETALIATION

29. Plaintiff, through his retained counsel, filed a Complaint under the FLSA for unpaid wages, on February 10, 2017. *Exhibit A.*

30. Upon information and belief, Defendants were served with the summons and complaint in this matter on February 24, 2017 by the U.S. Marshals.

31. Defendants had notice of the pending action.

32. On February 24, 2017, Plaintiff was called into the office at Defendant corporation by Defendant John Doe I (aka Jimmy) who then showed him the Complaint and Summons of case 17-cv-0137 asked if he was one of the named Plaintiffs.

33. Plaintiff confirmed he was one of the Plaintiffs.

34. Defendants immediately started treating Plaintiff differently.

35. On February 25, 2017, Plaintiff was given a new schedule by Defendant Jimmy for the following week. His hours were greatly reduced to thirty-nine (39) hours a week. *Exhibit B.*

36. Defendants reduced Plaintiff's hours in retaliation of Plaintiff filing the FLSA lawsuit.

37. On February 25, 2017, Plaintiff was informed by Defendant Jimmy that he would have to start paying for his own meals. *Exhibit C.*

38. Plaintiff had never been required to pay for his own meals in the past.

39. Until February 25, 2017, Defendants have never charged Plaintiff for a meal during his prior six years of employment.

40. Defendants charged Plaintiff for his meal in retaliation of Plaintiff filing the FLSA lawsuit.

41. On February 26, 2017, Defendant Jimmy told Plaintiff he could quit if he was unhappy with the reduced hours.

42. Plaintiff declined and said he would continue to work, even with the reduced hours.

43. On that same day, Defendant Jimmy drove Plaintiff home.

44. Before dropping Plaintiff off, Defendant Jimmy told Plaintiff "no more work," in Spanish and terminated Plaintiff's employment with Defendants.

45. Defendants terminated Plaintiff's employment in direct retaliation of Plaintiff filing the FLSA lawsuit.

46. Plaintiff's work habits did not change in recent history; there are no recent occurrences that would give Defendants cause to fire Plaintiff.

47. Plaintiff was not given a reason for his termination.

48. Plaintiff suffered adverse employment action in the form of reduced hours, charging for meals, and termination by Defendants.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §215(a)(3)
## DEFENDANTS' UNLAWFUL RETALIATION

49. Plaintiff realleges and incorporates all previous paragraphs.

50. Defendant Jimmy, an agent acting on his own behalf and on behalf of the Defendant Asian Buffet, terminated Plaintiff's employment and has taken action in retaliation of Plaintiff addressing his overtime compensation.

51. Defendant Jimmy's termination of employment constitutes unlawful retaliation under the FLSA, 29 U.S.C. §215(a)(3).

52. Defendants knowingly, willfully, maliciously, intentionally and without justification acted to deprive Plaintiff of his rights.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff requests the following relief:

A. An Order declaring Defendants willfully violated the FLSA;

B. An Order declaring Defendants unlawfully retaliated against Plaintiff;

C. Defendants be ordered to pay Plaintiff an amount greater than $75,000 for violating FLSA's retaliation provision;

D. An Order awarding reasonable attorney's fees and costs incurred by Plaintiff under the FLSA as provided by statute;

E. Punitive and exemplary damages that commensurate the wrong against Plaintiff; and

F. An Order awarding such other and further relief as this Court deems appropriate.

Dated: March 6, 2017                                    Respectfully Submitted,


/s/  Robert Anthony Alvarez            .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC
600 28th Street SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com

## VERIFICATION

I declare under penalty of perjury that the statements outlined above in this Original Complaint are true and accurate to the best of my knowledge, information and belief.

Date: 01/03/2017

_____
Ranulfo Balbuena Martinez